PARKER, Judge.
Appellants, William S. Neeley and Sylvia G. Neeley, appeal a final judgment which awarded attorney’s fees to Maxson Construction Company, Inc. We affirm.
This case was set for trial upon the second amended complaint of Maxson which sought to foreclose a mechanic’s lien (count I) and damages for breach of a construction contract (count II) and upon the Nee-leys’ counterclaims against Maxson. By stipulation, the parties agreed to submit their dispute to binding arbitration. That agreement provided as follows:
The parties agree that the [arbitration] panel’s rulings, findings, and determinations shall be binding upon the parties, excepting only the prevailing party’s right to reasonable attorney’s fees [and] taxable costs_ However, this determination shall include the amount, if any, due to either party as per their respective claims, counterclaims, and/or set-offs. If and when an award is made by the panel, same may be filed with the Clerk of this Court and application made to the proceeding [sic] Judge for entry of a Final Judgment based upon said award. The party receiving an award at that time shall apply to the Court to tax a reasonable attorney fee, costs and the reasonable expenses associated with this arbitration.
An arbitration award was ultimately entered in favor of Maxson. Thereafter, Maxson filed a motion to tax costs and attorney’s fees “pursuant to Florida Statute Chapter 713,* and the Arbitration Submission Agreement.” At the hearing held on the motion, Neeleys tendered the amount of the arbitration award plus accrued interest at the statutory rate, which Maxson accepted. Following the hearing, the trial court awarded attorney’s fees in favor of Maxson; however, the trial court did not state the basis for the fee award.
We find that the trial judge was correct in awarding Maxson its attorney’s fees based on the stipulation submitting the matter to arbitration that the parties signed. The construction of the terms of an unambiguous contract is a question of law for the court. Peacock Constr. Co. v. Modern Air Conditioning, Inc., 353 So.2d *763 840 (Fla.1977). We conclude that the language of the stipulation clearly indicates the intent of the parties for the prevailing party to be awarded costs, expenses, and a reasonable attorney fee to be set by the court.
Affirmed.
CAMPBELL, C.J., and PATTERSON, J., concur.

 In their briefs, the parties indicate the statute which applies to the motion is section 713.29, Florida Statutes (1985), which provides:
Attorney’s fees. — In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.